SELIGMAN and others *v.* WELLS and another.

*(Circuit Court, S. D. New York.  January 20, 1880.)*

DRAFT—SPECIFIC SUM PAID DRAWEE—TRANSFER TO TRUSTEE OF BANK-
RUPT DRAWER.  The holder of a draft is entitled to recover a specific
sum of money paid to the drawee for the express purpose of taking up
such draft, and transferred, after payment had been duly demanded,
to the trustees of the bankrupt drawer.

WHEELER, J.  Kaufman & Co., bankers at New York,
drew three drafts of 25,000 francs each, a few days apart,
on the Basler Bank Verein, at Basle, Switzerland, where
they had no funds, at sixty days each, payable to their own
order, and negotiated them severally to the orators, who
presented them for acceptance.  After the first two had been
so presented, and before the bank knew of the third, the
bank, through its agents, Alfred Merian & Co., bankers at
New York, called upon Kaufman & Co. to provide funds to
meet the two drafts, whereupon they delivered to Merian &
Co. $14,500 in gold, to meet the three drafts, which Merian
& Co. received for that purpose and transmitted to the
Basler Bank Varein.  The bank then accepted the two drafts
and paid them, which, with charges, amounted to $10,139.81,
leaving $4,360.19 towards the other, but not sufficient to
pay it, and refused to accept or pay the other.  Kaufman &
Co. were adjudged bankrupts, and the orator, Joseph Selig-
man, and the defendants, became trustees of their estate in
bankruptcy, and, on the demand of the defendants, the bank
transmitted and delivered to them the sum of $4,360.19, gold,
against the claim of the orators.  This bill is brought to
recover that sum.

That a check drawn against a fund does not, of itself, oper-
ate as an assignment of the fund, or any part of it, so as to
vest any right to it in the holder of the check before accept-
ance, either at law or in equity, is well enough settled, both
on principle and by authority.  *Bank of Republic* v. *Millar*,
10 Wall. 152; *Rosenthal* v. *Mastin Bank*, per *Blatchford*, C.
J., S. D. N. Y. November 25, 1879.  Here the checks were not
drawn against any funds in the hands of the drawees, but the

money was placed in the hands of the drawees expressly to provide for the checks. They were not legally bound to receive the funds for that purpose, or to accept or pay the drafts unless they chose to do so. *Williams* v. *Everett*, 14 East, 582. They did not, however, refuse to receive the funds for that purpose, as the defendants in *Williams* v. *Everett* did, but received them with full knowledge of the purpose, and without objection or protest. This sum was set apart and appropriated by the bankrupts, before bankruptcy, for the holders of the checks, and was in the hands of the Basler Bank Varein for that purpose, and was claimed by the holders of the check while it was there for that purpose, and while they had the right to it, and before bankruptcy proceedings were commenced.

This case is like *De Bernales* v. *Fuller*, 14 East. 590, note *c*, where it was ruled, at the trial before *Lord Ellenborough*, C. J., that money paid into the defendants to take up a particular bill could not be recovered by the holder for want of privity; but afterwards a rule for a new trial was made absolute, after much discussion by the court, because it appeared that the money was paid into the defendants' house for the specific purpose declared at the time of taking up that bill, which purpose was not directly repudiated till afterwards, and the plaintiff finally recovered. *De Bernales* v. *Fuller*, 2 Camp. 426.

That case is not contrary to *Williams v. Everett*, or *Bank of Republic v. Millard*, or cases elsewhere holding that drawing and delivering a check is no assignment of the fund. And, on principle, it would seem that when Kaufman & Co. directed the Basler Bank Varein to pay money to the orators, which would include a direction to the orators to receive it, and had been paid by the orators for the right to receive it, and then sent the money to be paid, and it was received for the purpose of making the payment, the orators would have a right to the money on calling for it while it was there.

As the orators are entitled to the money in the hands of the bank they have the right to follow it into the hands of

the defendants, who, in receiving it, acquired no greater right than the bank had.

It is ordered that a decree be entered for the payment by the defendants to the orators of the sum of $4,360.19, gold, received by the defendants from the Basler Bank Varein, with costs.