No. 2218.

COUNTY OF HARRIS ET AL. *v.* P. H. CAMPBELL ET AL.

1. CONTRACT—WAIVER.—One who employs another at an agreed price to perform mechanical work in the construction of a specific article, who accepts, receives possession of and uses the article after its completion, is liable to the workman for the reasonable value of his work.

2. ASSIGNMENTS OF CHOSES IN ACTION.—Though at common law an interest in a chose in action can not be assigned so as to enable the claimant of each interest to bring suit for its collection, in equity a different rule prevails, and an assignment which conveys an interest in a chose in action may be made either by direct transfer, or by order drawn upon the particular fund. On this point Goldman v. Blum, 58 Texas, 630, followed, and Caldwell v. Hartupee, 70 Pennsylvania State, 74; Hall v. Buffalo, 2 Abbott on Appeals, 310; Brice v. Tuttle, 81 New York, 454, and other cases cited and approved.

3. SAME.—Even in equity, no interest is acquired in a chose in action by a mere order for a designated sum of money drawn against the debtor; to acquire such interest the order must be drawn against the specific fund.

4. SAME.—When a part of a debt is assigned, the assignee acquires a right of action in equity against the debtor, and not only a lien upon the fund but a property in the fund itself. Though he owns but an interest in the chose in action, he may enforce its collection and an equitable distribution, by suit against the debtor and the other parties in interest. The several claimants under assignments of specific interests in the debt, have priority of right to payment in accordance with the dates at which their interests were acquired.

5. CASES REVIEWED.—The cases of Lindsey v. Price, 33 Texas, 280, and Frank v. Kaigler, 36 Texas, 306, considered and commented on.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The opinion states the case.

*W. C. Oliver,* for appellant: On his proposition that plaintiff, having failed to show compliance on his part with the contract, he could only recover on the *quantum meruit* by showing an acceptance of the work by the county, as it stood when he sued, either express or implied; that such acceptance could not be implied, in the face of the county's rejection of the work June 18, 1885, by such use of them as was incidental to the use of its court house from that date until July 14, 1885, when this suit was

brought, unless plaintiff had shown that the county asserted ownership of and control over the blinds as they stood, and refused either to permit him to remove them or to pay for them, and that it did not devolve on the county to remove the rejected blinds from the windows of the court house, cited Parsons on Contracts, volume 2, section 523, note i, second subdivision of note; Gonzales College v. McHugh, 21 Texas, 256.

*W. P. Hamblen,* for Mitchell & Co., Dumble and Campbell: On his proposition that all parties having rights or interests in the subject matter of a suit may intervene and have their rights adjusted and adjudged in the same suit, and a chose in action may be transferred, he cited Smalley v. Taylor, 33 Texas, 669; Graves v. Hill, 28 Texas, 254; Eccles v. Hill, 13 Texas, 67; Devine v. Martin, 15 Texas, 30; Merlin v. Manning, 2 Texas, 351.

On the proposition that G. B. Mitchell & Co. and George Dumble had the right to recover the respective amounts of said account for furnishing and putting up blinds, transferred to them respectively by Campbell, and they should have had a priority over Hildebrand & Co., he cited Burnham v. Chandler, 15 Texas, 441; Devine v. Martin, 15 Texas, 30; Heard v. Lockett, 20 Texas, 163.

On his proposition that Campbell, having assigned to Mitchell & Co., on December 9, 1884, six hundred dollars, and to Dumble, January 3, 1885, one hundred and fifty dollars of his account against the county for furnishing and putting up blinds in the court house, the county was only indebted to Campbell on March 11, 1885, in the sum of three hundred and eighty-nine dollars and twenty-four cents, to which Hildebrand & Co. were entitled under their notice and attested account served on that day, he cited Revised Statutes, Article 3176.

*Fisher & Kirlicks,* for intervenor Keller, on their proposition that all parties having rights or interests in the subject matter of a suit may intervene, and have their respective rights adjusted and adjudicated therein; that a chose in action may be transferred, and such transferree can not be deprived of his right of recovery simply because the assignor seeks to exclude him by bringing suit for the use of one or more of the other transferrees, cited Daniel on Negotiable Instruments, third edition, volume 1, pages 26, 27; Smalley v. Taylor, 33 Texas, 669; Graves v. Hill, 28

Texas, 254; Eccles v. Hill, 13 Texas, 67; Devine v. Martin, 15 Texas, 30; Merlin v. Manning, 2 Texas, 351.

*Frank S. Burke*, for appellee: On his proposition that if the plaintiff complied substantially with the terms of his contract he had the right of recovery, notwithstanding the rejection of the work by the commissioners court, he cited O'Connor v. Van Homme, Dallam, 429; Caroll v. Welch, 26 Texas, 149; Gonzales College v. McHugh, 21 Texas, 259.

On his proposition that the judgment of the court in sustaining the demurrer of Hildebrand & Co., to the intervention of G. B. Mitchell & Co. and George Dumble was not an error, or if an error was an immaterial one, he cited Peiser v. Peticolas, 48 Texas, 483; Whitman v. Willis, 51 Texas, 425; Pool v. Sanford, 52 Texas, 633; Ragland v. Wisrock, 61 Texas, 398; Nenny v. Schluter, 62 Texas, 330; Jaffray v. Meyer, 1 Texas Court of Appeals, 1350; Fisher v. Bogarth, 2 Texas Court Appeals, 120, 121.

That an order on a debtor for part of an amount due is not such an equitable assignment pro tanto as will constitute a complete cause of action against such debtor, unless such debtor shall have consented to same by acceptance of the order, he cited Mandeville v. Welch, 5 Wheaton, 286; White & Tudor's Leading Cases in Equity, volume 2, part 2, page 1642; Parsons on Notes and Bills, 330–333.

On his proposition that if Mitchell & Co., Dumble or Keller had any such rights to the fund which they sought to recover as was given by statute, they should have set up such rights and depended upon them instead of claiming only on Campbell's assignment of that fund, he cited Pool v. Sanford, 52 Texas, 637; Ferguson v. Ashbel, 53 Texas, 245; Sens v. Trentune, 54 Texas, 218; Mundine v. Berwin, 62 Texas, 343.

On his proposition that the material man's lien upon any fund remaining unpaid to the contractor by the owner of any building in which his materials are used, is an inchoate right acquired immediately upon the sale and delivery of the materials in the building, and attaching to such fund as long as it remains in the hands of such owner, and the original contractor can not defeat such right by any attempted assignment of such fund; that the filing of the attested account required by statute does not establish any right against the owner, but is only a notice to such owner that such right exists, and the statute provides that such owner shall give the proper notice to other parties in interest,

in order that such parties may contest such claim if they see proper; and, if such parties do not give notice as required, they are estopped by statute from any proceeding or defense against the party holding such statutory lien, he cited Revised Statutes, article 3176; Davis v. Alvord, 4 Otto, 547.

GAINES, ASSOCIATE JUSTICE.   On the seventeenth day of September, 1884, P. H. Campbell entered into a contract with Harris County through the proper authorities, to put inside blinds in the court house of that county.   The price agreed upon was one thousand three hundred and ninety-eight dollars.   He claimed to have completed his contract, which the county denied on the ground that the blinds put in by him were not in accordance with the terms of the agreement.   During the progress of the work the county paid him five hundred dollars, but the commissioners court finally rejected his claim for the balance of eight hundred and ninety-eight dollars.   In October, 1884, he gave an order upon the county judge of the county in favor of one De-Waul for one hundred and fifty dollars, which was subsequently transferred to Herman Keller.   On the ninth of December, 1884, Campbell also drew an order for six hundred dollars in favor of Mitchell & Co., directed "To the County Commissioners of Harris County," payable out of the amount due him for putting blinds in the court house, and in the same instrument expressly transferred to the payees, for a valuable consideration, a sufficient amount of his claim against the county to pay said sum.   On the third day of January, 1885, he gave a like order and transfer to George Dumble for one hundred and fifty dollars.   On the eleventh day of March, 1885, Hildebrand & Co., having an account against Campbell for the blinds furnished him by them, and which he had put in the court house under his contract, delivered an attested copy thereof to the county judge in order to secure the benefit of the provision of article 3176 of the Revised Statutes.   A notice of the presentation of this account was given to the original contractor by the authorities, and he gave no notice that it it was disputed by him.

Campbell brought suit against Harris county for the use of himself and of Mitchell & Co. and of Dumble, and made Hildebrand & Co. parties defendant.   Keller intervened, setting up his claim to a part of the sum sued for.   The case was submitted to a jury, and resulted in a verdict and judgment against the county for the balance of the contract price for putting in the

blinds, in favor of Hildebrand & Co. for the amount of their claim, and in favor of Mitchell & Co. and Dumble for the remainder of the judgment against the county, after satisfying Hildebrand & Co.'s debt, to be divided between them in proportion to the amount of their respective claims, and that Keller take nothing by his plea of intervention. From this judgment all the parties except Hildebrand & Co. have appealed to this court.

We think the county of Harris has nothing to complain of in the proceedings of the court below. The evidence was conflicting upon the question whether the contract was complied with or not, and this court can not undertake to say, from inspection of the written agreement under the testimony adduced, that it was not. It was a question for the jury, and one upon which their verdict is decisive. But it is assigned, in substance, that the court erred in charging the jury that if they found that the contract had not been complied with, and yet, if they found that Campbell had done the work for the county, and the county had accepted the work, or gone into possession of and used the blinds, then they should find for the plaintiff for the reasonable value of the blinds. The charge, abstractly considered, is certainly correct, and we think it was warranted by the evidence. It does not appear when the work was finished, but plaintiff testified it was completed according to contract.

W. C. Anders, who was county judge during 1885, testified that the orders were presented and were rejected by him, or by the commissioners court, because the work was not then completed. The last order was given in January of that year, and it may be inferred from this testimony that the blinds were then unfinished. But the work was evidently begun long before, and if the blinds were a foot too short, as is claimed, the authorities of the county must have known it, yet we have no evidence of any notice to plaintiff that they would be rejected, except from the witness Ellis, who testified he told him they would not be received, but whose authority to do so does not appear, and from E. B. Hamblen, formerly county judge, who stated that he told Campbell the blinds would not be received when it was discovered they were too short, but that he went out of office before anything was done about it. The blinds remained in the court house and were used and not rejected by any formal order of the commissioners court until June, 1885. We think this evidence amply warranted the charge of which complaint has been made by the

county.  We find no error in the judgment prejudicial to the defendant county.

But as between the conflicting claimants of the fund, some serious questions arise.  Did Mitchell & Co. and Dumble acquire any right to any part of this fund by their respective orders and transfers from plaintiff Campbell?  Did DeWaul, who assigned to Keller, acquire any?  And if so, are these claimants to be postponed until Hildebrand & Co. are satisfied?  It is well settled that at common law a chose in action can not be assigned in part, so as to enable the assignee of such part to bring suit upon it.  The reason of the rule is that it is unjust to the debtor to permit the creditor to split up the debt, and thereby subject him to more than one suit for its collection.  Following the analogy of this rule, there are authorities which hold that such a transfer does not even convey an interest in equity, unless it be assented to by the debtor himself.  The leading case supporting this proposition seems to be Mandeville v. Welch, 5 Wheaton, 277, in which this doctrine was enunciated, but which was a suit at law and consequently did not involve this question.  Since all the claimants of a fund or debt may be made parties to a suit in equity, the reason of the rule does not apply to cases of equitable cognizance; and where one has agreed for a valuable consideration that another shall have a part of a debt due to him from a third party, and has accordingly made a transfer of such part, justice manifestly requires that the agreement should be enforced, when it can be done without prejudice to the debtor.  Accordingly, it now seems to be held, by the great weight of authority, that an assignment of a part of a chose in action for a valuable consideration is good in equity, and that it may be made either by direct transfer or by an order drawn upon the particular fund.  (Goldman v. Blum, 58 Texas, 630; Caldwell v. Hartupee, 70 Pennsylvania State, 74; Hall v. Buffalo, 2 Abbott on Appeal, 301; Brill v. Tuttle, 81 New York, 454; Moody v. Kyle, 34 Mississippi, 506; Field v. Mayor of New York, 6 New York, 179; Burr v. Carvalho, 4 Myl. & Cr., 690; Row v. Dawson, 1 Vesey, Sr., 331; Ex parte South, 3 Swanst., 392.)

In support of this doctrine we have the very decided opinion of recent text writers of very high authority.  (See 1 Daniels on Negotiable Instruments, section 23, page 25; 3 Pomeroy's Equity, 291, section 1280 and note 1 on page 292.)  Mr. Parsons in his work on Bills and Notes seems to admit that this is the rule in courts of equity.  (1 Parsons's Bills and Notes, 334, 335.)  Such

is also the opinion of Judge Story, who delivered the opinion of
the court in Mandeville v. Welch, supra. (1 Story's Equity Juris-
prudence, section 1144.)

Both the order of Mitchell & Co. and that of Dumble contained
an express transfer of so much of the fund due from the county
as was required to pay them respectively, and it follows from
what we have said that in our opinion, they became the owners
at the dates of the orders respectively, of the respective parts of
the debt so assigned.

The case of the intervenor Keller is different. The draft trans-
ferred to him by De Waul is supported by a consideration, but
is not expressly drawn upon the fund in question. An order
expressly for part of a particular debt is a transfer of such por-
tion, because it shows a manifest intention to assign to the payee
the sum so ordered. (1 Daniel's Negotiable Instruments, sec. 23.)
But this can not be said when there is nothing in the instrument to
show that it is made payable out of any particular fund, and it is
therefore held that such an order is not an assignment. (Phillips
v. Stagg, 2 Edwards's Chancery, 108; Harrison v. Williamson, Id.,
430; Winter v. Drury, 5 New York, 525; see also Brice v. Tuttle,
supra.) It is not necessary for us to decide whether or not the in-
tention of the parties to make the order payable out of the debt to
become due from the county could be shown by parol evidence and
by the circumstances of the case. It is sufficient to say that it
was not shown on the trial below, and that the court did not err in
instructing the jury to find against intervenor Keller. It may
be remarked, however, that Campbell testified that after he gave
the order to De Waul he paid him twenty-five dollars upon it,
which would seem inconsistent with the idea that an assign-
ment was intended.

We have seen that the debt of defendants Hildebrand & Co., is
a claim for material furnished to Campbell to enable him to com-
plete his contract with the county; that the account was attested
and presented as required by the statute then in force, and was ad-
mitted to be just by Campbell. But in Horace v. Frank, 51 Texas,
401, and Loonie v. Frank, Id., 406, it is held that this statute does
not give the sub-contractor a lien upon the property, but a right
to fix a liability from the owner to him for his debt, not however
to exceed the amount then due on the original contract. Mr.
Pomeroy says, when a part of a debt is assigned, the assignee
acquires a right of action in equity against the debtor, and not
only a lien upon the fund but a property in the fund itself. (3

Pomeroy's Equity, sec. 1280, p. 292.)    There are cases not going to this extent, but we think it the better doctrine and well supported by authority.    No reason is seen why one having a right to a part of a debt should not be permitted in courts of equitable cognizance to bring in all the parties at interest and force the payment of the obligation and the distribution of the proceeds among those entitled to it.    The assignments were made to Mitchell & Co. and Dumble, and the county had notice before Hildebrand & Co. filed their account.    It is a necessary deduction therefore, from the principles just laid down, that the latter have no claim against the county until the assignees above named had been fully paid.    If at the time they sought to fix the liability of Harris county, it owed Mitchell & Co. and Dumble the amount of their respective claims, it did not owe the same money to the original contractor; in other words, it was entitled to a credit on its debt to him to the amount of their respective claims.

Hildebrand & Co. were entitled to a judgment against their co-defendant, the county, for the balance that remained after paying the claims of Mitchell & Co. and Dumble respectively; and because they had a judgment for payment of their claim in full the judgment will be reversed.

It is to be remarked further that the parties who established claims upon the fund were entitled to be paid therefrom in order of the respective dates at which their rights were respectively fixed.    The equitable rule applies, that the first in time is the first in right.

The cases of Lindsay v. Price, 33 Texas, 280, and of Kaigler v. Frank, 36 Texas, have been considered in determining the questions we have had before us, and we have not found the points there decided in conflict with the propositions laid down in this opinion.    There are, however, doctrines announced in the argument of these cases to which we do not assent.

Because of the error we have pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 18, 1887.