ELLIOTT v. FIRST STATE BANK OF FT. STOCKTON.

(Court of Civil Appeals of Texas. Feb. 8, 1911. Rehearing Denied March 8, 1911.)

1. ASSIGNMENTS (§ 50*)—EQUITABLE ASSIGNMENT.

A deposit in a bank in the name of a purchaser of land of a sum to be checked in payment therefor was a special deposit, so that the drawing of a check thereon was an equitable assignment of the fund to the seller; and hence he had no lien on the land for the amount of the deposit, though it was garnished before the check was paid.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

2. BILLS AND NOTES (§ 306*)—RIGHTS OF INDORSER OF CHECK—RECOVERY OVER AGAINST ORIGINAL PARTIES.

A bank, other than the drawee bank, cashing check drawn on a special deposit, was entitled to recover the amount thereof from the maker and payee; the deposit having been garnished by the maker's creditors while in the hands of the bank with which it was deposited.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 727; Dec. Dig. § 306.*]

3. BILLS AND NOTES (§ 306*)—LIABILITY OF MAKER TO INDORSER.

The rule permitting judgment over against the maker in favor of the indorser, where the latter is compelled to pay an indorsed check, does not authorize a judgment over against the purchaser of land who gave a check on a special deposit made in his name for the purpose of paying for the land, which was afterward garnished in favor of the seller, upon rendition of judgment against him in favor of the bank cashing the check, the seller already being the equitable owner of the amount deposited.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 727; Dec. Dig. § 306.*]

4. BILLS AND NOTES (§ 302*)—LIABILITY OF INDORSER TO MAKER.

The purchaser in such case would be entitled to judgment over against the seller for any amount he was compelled to pay to the bank cashing the check.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 622, 643–646; Dec. Dig. § 302.*]

5. SUBROGATION (§ 33*) — LIMITATION TO CREDITOR'S RIGHTS.

Since the seller of land has no lien on it to secure the amount of a check drawn on a special deposit, made to meet the check given for the land, the acceptance of the check by him being an equitable assignment of the fund, the bank which cashed the check would have no lien thereon, though the amount deposited was garnished by the purchaser's creditors while in the hands of the bank with which it was deposited.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 97; Dec. Dig. § 33.*]

6. BILLS AND NOTES (§ 68*)—CHECKS—ACCEPTANCE.

A telegram sent by the drawee bank in answer to an inquiry whether it would pay a check drawn by E. on it in a certain sum, "E. has deposited with us $1,790 to pay check drawn by" him, was not an acceptance of such check by the drawee bank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 110–115; Dec. Dig. § 68.*]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by the First State Bank of Ft. Stockton against D. S. Elliott and another. From a judgment for plaintiff as stated, defendant Elliott appeals. Reformed and rendered.

Howell Johnson, Chas. Halton, and W. C. Jackson, for appellant. O. W. Williams, for appellee.

JAMES, C. J. The action was brought by appellee, the First State Bank, against Darl S. Elliott, the drawer, and O. H. Kilpatrick, the payee, of a check drawn on the City National Bank of Corpus Christi for $1,790, and indorsed by Kilpatrick to plaintiff, which check when presented was refused payment.

The facts as they were found by the trial court were substantially as follows: On July 11, 1908, D. S. Elliott purchased of Kilpatrick certain land paying therefor by conveying to Kilpatrick certain lands and two checks on the National Bank of Corpus Christi, one for $100, which was paid when presented, and one for $1,790, which is the check sued on, which was not paid. It read: "Pay to the order of O. H. Kilpatrick seventeen hundred and ninety and No/100 dollars. Part payment for 4592 acres land in Pecos county." On said date Kilpatrick called upon plaintiff bank to cash said check, and was informed that the bank would take it for collection, but would not pay it unless it had some assurance that the check was good, and this resulted in the bank sending a telegram to the Corpus Christi bank, as follows: "Will you pay check D. S. Elliott eighteen hundred ninety dollars. Rush answer." The answer on July 11th was: "D. S. Elliott has deposited with us seventeen hundred ninety dollars to pay check drawn by D. S. Elliott favor O. H. Kilpatrick."

It appears that about June 20, 1908, de-

fendant Elliott had arranged with his father, T. T. Elliott, to deposit in the Corpus Christi bank $1,890 to the credit of said defendant for the specific purpose of covering a check to be drawn by said defendant in favor of O. H. Kilpatrick as·part payment for certain land in Pecos county to be conveyed by Kilpatrick to said defendant Elliott, and that said deposit was made for that purpose; that upon the receipt of said telegraphic answer Kilpatrick indorsed the $1,790 check and delivered same to plaintiff bank, receiving the amount thereof less the customary banking exchange. The bank duly forwarded same to Corpus Christi and payment was refused by the Corpus Christi bank, and was duly protested and notice given to defendants, the certificate of protest showing that the cashier of the latter bank stated, "This money garnished, cannot pay this check."

. The court found that at the time of the presentation of the check for payment a writ of garnishment had been served on the Corpus Christi bank in a suit wherein Dan A. Leary and Al. Chastain are plaintiffs and ·W. W. Sands, P. P. Chilton, and O. H. Kilpatrick are defendants, which garnishment suit is still pending in the district court of Nueces county, and that such writ was served on July 11, 1908, and is in the usual statutory form; also found that defendant Elliott is still the owner of the 4,592. acres of land sold to him as aforesaid.

Upon the foregoing conclusions of fact the trial court concluded as matters of law:

(1) That said deposit in the name of D. S. Elliott in the Corpus Christi bank was a special deposit. We, approve this conclusion.

(2) That the execution and delivery of the two checks by Elliott to Kilpatrick under the facts stated amounted to an equitable assignment of the fund. This conclusion we also approve.

(3) That the indorsement and delivery of the $1,790 check by Kilpatrick to plaintiff affected an equitable assignment of that part of said deposit to plaintiff, but that the liability of Kilpatrick and .Elliott as indorser and maker, respectively, of the check still attached under the law governing negotiable instruments, and that said check carried with it an equitable lien on the 4,592 acres of land in question in the event of its nonpayment. We also approve the above except as to the last-named conclusion concerning a lien on the land, as will be explained further on.

(4) The court further concluded that plaintiff should have judgment against both defendants (as maker and indorser of the check sued on) for the amount paid by plaintiff with interest thereon from the date of payment at 6 per cent. per annum, and for protest fees, and also judgment foreclosing an equitable lien on the lands,¹ and that Kilpatrick should have judgment over against Elliott for anything he may be required to

pay on said judgment and be subrogated in the amount of such payment, if any, to the lien of plaintiff on said lands. The court entered judgment accordingly.

It seems to us that if the check had not been negotiated to plaintiff bank, and this suit was by Kilpatrick against Elliott for the amount of the check, Elliott under the circumstances developed in this record would have had a valid defense against any claim on the part of Kilpatrick. The evidence shows that this deposit was a special deposit, not a general deposit, in the Corpus Christi bank, and was placed there to respond to this check, and that, when Kilpatrick finally accepted the check from Elliott, he knew the fact of and character of this deposit on which the check was drawn. The legal effect of the check was to assign him the fund to that extent, and he then and there became the owner of the same. The testimony shows that the fund is there, and the only impediment to the payment of the check is the tying up of the fund by a garnishment, by a creditor of Kilpatrick, as being the money of Kilpatrick. Under such a state of facts, it is plain that the fund passed irrevocably from Elliott, and, if Kilpatrick were allowed to recover of him in a suit on the check, the result would be that Elliott would be paying Kilpatrick twice. The facts would show that the fund belongs and must go to Kilpatrick, or to his creditors, which is the same thing; and in such a condition of facts with reference to the fund transferred to him he would· not be permitted to require Elliott to pay him an additional $1,790. This being so, it is equally true that he had and could assert no lien, equitable or otherwise, on the land conveyed to Elliott. It follows in our judgment that the· plaintiff bank has no lien on the land by virtue of transfer of the check, Kilpatrick having none. The trial judge evidently regarded the telegram from the Corpus Christi bank to plaintiff as not an acceptance of the check. With this view we concur, hence the points made by appellant, based upon the theory that the latter bank was an acceptor of the paper, are not well founded and are overruled, including the assignment of error relating to the overruling of Elliott's plea in abatement of this suit.

We conclude from the facts of this case that plaintiff bank was entitled to judgment against Kilpatrick and .Elliott on the check; but that the rule which ordinarily obtains as between indorser and maker, allowing judgment in favor of the indorser over against the maker, does not apply. Kilpatrick in our opinion was not under the circumstances developed entitled to any recovery against Elliott for·what he might be required to pay plaintiff, but, on the contrary, Elliott was entitled to judgment over against Kilpatrick for what he should be required to pay plaintiff. It would be unjust and in-

equitable for Kilpatrick to collect the sum again from Elliott when he had already received, and has the benefit of, a fund for the same amount derived from Elliott, and the only obstacle to Kilpatrick's enjoyment of such fund is the interference of a creditor of his who is seeking to subject it to his debt.

The judgment will be reformed and rendered in accordance with this opinion, giving plaintiff judgment against defendants in the sum adjudicated by the trial court, without lien on the lands; and providing in favor of Elliott that any sum he may be required to pay plaintiff on the judgment he may recover of Kilpatrick.

Reformed and rendered.