**CENTRAL BANK & TRUST CO. v. DAVIS.†**

(Court of Civil Appeals of Texas. Austin.
May 15, 1912. Rehearing Denied
June 26, 1912.)

1. ASSIGNMENTS (§ 49*)—CHECKS—EQUITABLE ASSIGNMENT.

In general, the drawing of a check on a general deposit bank account is not a pro tanto assignment of the account, so as to authorize the holder to sue the bank in his own name.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 85–98; Dec. Dig. § 49.*]

2. ASSIGNMENTS (§ 50*)—SPECIAL DEPOSIT—CHECKS.

The drawing of a check on a special deposit amounts to an assignment pro tanto thereof.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

3. BANKS AND BANKING (§ 159*)—CHECKS—TRANSFER—OWNERSHIP.

Where a check drawn on another bank was sent to the C. Bank for collection, the fact that the latter, believing the check had been paid, so informed the sender, and later credited the sender's account with the amount, when in fact the check had not been forwarded to the drawee bank, or paid, the C. Bank held the check for collection only, and was not a purchaser thereof for value.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 547–553; Dec. Dig. § 159.*]

4. EVIDENCE (§ 43*)—JUDICIAL NOTICE—RECORDS.

A court will take judicial notice of its own records made in the same case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by the Central Bank & Trust Company of Houston against T. H. Davis, as receiver of the Union Trust Company. Judgment for defendant, and plaintiff appeals, and defendant files cross-assignments of error. Affirmed.

John G. Tod, of Houston, and Gregory, Batts & Brooks, of Austin, for appellant. J. B. Robertson, of Austin, for appellee.

### Findings of Fact.

JENKINS, J. This case was tried before the court without a jury. The court filed its conclusions of fact and law, which, in so far as they affect the issues on this appeal, were substantially as follows:

(a) That the officers of the Union Trust Company of San Antonio, Tex., on December 3, 1909, made a deal with F. E. Pye, president of the Central Bank & Trust Company of Houston, Tex., whereby it was agreed that said Pye would purchase from the Union Trust Company 1,510 shares of its stock at the par value of $100 each, to be paid for $10,000 in cash and the remainder on subsequent dates, as agreed upon, the $10,000 cash to be left on deposit with the Central Bank & Trust Company; that thereupon said Pye drew his check in favor of the Union Bank & Trust Company for $10,000, and handed the same to the president of the Union Bank & Trust Company, who indorsed it and handed it back to said Pye; that the said Pye handed the same to August De Zavalla, the cashier of said Central Bank & Trust Company, and thereupon the said Pye and the said De Zavalla left the room of the president of said Central Bank & Trust Company, in which said transaction took place, and went into the bank, and returned and handed the president of the Union Trust Company a duplicate deposit slip for $10,000, signed by said Pye.

(b) The said Pye did not have any money on deposit in said Central Bank & Trust Company at said time, but he was authorized to overdraw on said bank, and, had said check been presented at said time, it would have been paid.

(c) No entry was ever made on the books of the Central Bank & Trust Company relative to said $10,000 check or said deposit slip.

(d) On January 8, 1910, the officers of the Union Bank & Trust Company were in Houston, attempting to negotiate a loan through said Pye, and informed him that it was necessary for them to have $10,000 transmitted at once to New York; that on said day the said Pye deposited to the credit of the Union Trust Company $10,000, and the Central Bank & Trust Company wired the proper bank in New York to that effect.

(e) The said officers of the Union Bank & Trust Company knew that said De Zavalla was interested in the purchase of said bank stock; that his interest was adverse to the Central Bank & Trust Company, for which reason said certificate of deposit was not binding on the Central Bank & Trust Company.

(f) On January 6, 1910, the Farmers' State Bank of Shiner, Tex., drew its draft on the Union Trust Company in favor of the Central Bank & Trust Company of Houston for the sum of $4,500, and that said Shiner bank at said time had on deposit with said Union Trust Company $4,722.68; that said draft was mailed to the Central Bank & Trust Company for collection and credit. The same was received by said Trust Company on January 8th, and credited to the Shiner bank; that on said day the Central Bank & Trust Company mailed said check to the Union Trust Company, but, on account of the letter containing the same not being stamped, the same was never delivered to the Union Trust Company, but was afterwards found on the desk of the said Pye in the month of August, 1910.

(g) If the letter containing said $4,500 had been stamped, it would have been received at the office of the Union Trust Company at San Antonio, Tex., on January 9, 1910, and would have been entered on the books

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

of said Trust Company as a credit in favor of the Central Bank & Trust Company.

(h) That said Shiner bank did not have on deposit with the Union Trust Company any deposit or credit, except a general deposit of $4,722.68, which was an open account, such as is maintained in the ordinary course of business of one bank with another.

(i) That the Central Bank & Trust Company was the correspondent of the Shiner bank, and it constantly sent checks, drafts, and other papers drawn upon banks to said Central Bank & Trust Company for collection and credit; that upon receipt of the same the amounts thereof were credited on the books of the Central Bank & Trust Company to the Shiner bank, and such paper was forwarded to the banks upon which the same was drawn. When such paper was not paid when presented, it was returned to the said Central Bank & Trust Company, and the same would be charged back against the Shiner bank, and the credit theretofore made in favor of such bank would, in effect, be canceled, and the dishonored paper returned to the Shiner bank.

(j) That from the course of dealing between the Shiner bank and the Houston bank the Houston bank was merely the agent of the Shiner bank to collect said draft of $4,500, and therefore there was no assignment of said bank's deposit arising from said transaction.

(k) The Union Trust Company was placed in the hands of a receiver on the 10th day of January, 1910, and is insolvent.

The above findings of fact by the trial court are sustained by the evidence herein, and are adopted as our findings. The Union Bank & Trust Company asked for judgment for said $10,000, as shown by said deposit slip, and also for the $10,000 deposited in the Houston bank to its credit by said Pye. The Houston bank asked judgment upon a note of the Union Trust Company held by it for $20,000, and for foreclosure of its lien upon certain collateral. The court rendered judgment in favor of the Central Bank & Trust Company for $7,599.34, with foreclosure of its lien on collaterals, and denied its right to recover upon said $4,500 check drawn by the Shiner bank.

## Opinion.

1. The appellant, under appropriate assignments, contends that it was entitled to judgment upon the check for $4,500 drawn by the Shiner bank upon the Union Trust Company for the reason that said transaction was an assignment pro tanto of the funds of Shiner bank in the hands of Union Trust Company.

[1] There is a conflict in the authorities as to whether or not the party in whose favor a check is drawn upon a bank is entitled to sue thereon in his own name. The authorities in this state are against such contention. House v. Kountze Bros., 17 Tex. Civ. App. 402, 43 S. W. 561; Gamer v. Thompson, 35 Tex. Civ. App. 283, 79 S. W. 1083; Terry v. Dale, 27 Tex. Civ. App. 1, 65 S. W. 51, 396. We quote from House v. Kountze, supra, as follows: "Appellant's contention is that the drawing of the check operated as an assignment to him pro tanto of the amount of the funds deposited to the credit of Bonner & Bonner with Kountze Bros., and gave him a right of action against Kountze Bros., although the check was never accepted by them. * * * The weight of authority is that such a suit cannot be maintained; the courts holding that the payee of an unaccepted check has no right of action against the banker to do so upon the grounds that the contract is with the depositor, and the bank owes no duty to the check holder, and therefore he can maintain no action for want of privity of contract; that the check is simply an order that may be countermanded at any time, and does not operate as an assignment, legal or equitable, of the deposit upon which it is drawn, or create a lien thereon at law or in equity." This opinion was rendered by the Court of Civil Appeals at Galveston, Chief Justice Garrett dissenting, but a writ of error therein was denied by the Supreme Court. The decision in House v. Kountze was referred to and approved by this court in Terry v. Dale, supra, in which case a writ of error was also refused. "Generally the depositor is the owner of the checks and other papers deposited by him for collection, and the bank performs the service of collecting as his agent." 5 Cyc. 493. See, also, Armstrong v. Bank, 90 Ky. 431, 14 S. W. 411, 9 L. R. A. 553; Levi v. Bank, 5 Dill. 104, Fed. Cas. No. 8,289; Marine Bank v. Fulton Bank, 2 Wall. 256, 17 L. Ed. 785; Richardson v. Denegre, 93 Fed. 573, 35 C. C. A. 452. There can be no question but what a deposit in a bank is the proper subject of assignment, and that the assignee of the same, in whole or in part, may maintain an action therefor in his own name. What will amount to such an assignment will depend upon the facts of the particular case.

[2] It is held that if the deposit is a special, and not a general, deposit, a check drawn upon the same will amount to an assignment; and the circumstances may be sufficient to show that a check drawn on a general deposit is an equitable assignment of the same in whole or pro tanto. Life Ins. Co. v. Patterson, 35 Tex. Civ. App. 447, 80 S. W. 1058; Harris County v. Hildebrand, 68 Tex. 27, 3 S. W. 243, 2 Am. St. Rep. 467; McBride v. A. M. Ry. & Lit. Co., 127 S. W. 229; Elliott v. Bank, 135 S. W. 159.

[3] There is no pretense that the deposit in this case was a special deposit; and we think, in view of the facts as found by the court, the drawing of the check for $4,500 by the Shiner bank did not amount to an as-

signment of any portion of its deposit with the Union Trust Company, but that the Houston bank was simply the agent of the Shiner bank for the collection of said draft. On January 10, 1910, the Houston bank informed the Shiner bank that said check had been paid, and thereupon the Shiner bank drew upon the Houston bank for $4,500, and its check was duly paid. Appellant insists under these facts that the Houston bank was the purchaser of said check for value. We do not so regard it. Under the mistaken belief that the check had been forwarded by due course of mail to the San Antonio bank, and paid by said bank, the Houston bank permitted the Shiner bank to draw the $4,500, which it supposed it had collected for the Shiner bank.

2. Appellant assigns error as follows: "The trial court erred in that portion of its findings of fact wherein it says that the receiver herein, under the order of this court, has informed the various depositors that they need not file interventions, claiming judgment for their balance on deposit, but that judgment will be given them as general creditors for the amount shown to be due them by the books of the Union Trust Company, because said finding is without evidence to support it, and because said finding is immaterial and irrelevant in this issue."

We are inclined to agree with appellant that said finding is immaterial and irrelevant, but we do not see how appellant is injured thereby. As to there being no evidence to support said finding, it will be remembered that the receiver was administering the estate of the Union Trust Company under the orders of the court, and said finding states that "under order of this court," etc.

[4] The court can take judicial cognizance of its own records made in the case. What is here stated as to immateriality will also apply to the assignment of error as to what the court found that it would do in the event this judgment should be affirmed.

3. Appellee herein has filed cross-assignments of error. The first of said cross-assignments is that the finding of the court that the officers of the Union Trust Company had knowledge that De Zavalla was interested in the transaction with Pye is unsupported by the evidence. We cannot say that there was not sufficient evidence to justify this finding, for which reason this assignment is overruled.

By reason of this finding of fact by the court, there was no error in refusing to allow the Union Trust Company credit for the $10,000 alleged to have been deposited with the Central Bank & Trust Company, as evidenced by said deposit slip.

The other cross-assignments of appellee are based upon the proposition that the findings of fact by the court are not sustained by the evidence, for which reason we are asked to reverse and render this case. These assignments are overruled, and the judgment of the trial court is affirmed.

Affirmed.