### HATLEY v. WEST TEXAS NAT. BANK OF BIG SPRING.  (No. 631-4491.)

(Commission of Appeals of Texas, Section B. May 12, 1926.)

1. Assignments ⨳58—Order drawn on debtor for part of a fund in his hands, and unaccepted by him, will not operate as an equitable assignment of part of the fund as against drawee.

An order drawn on a debtor for a part of a specified fund in his hands, and unaccepted by him, will not operate as an equitable assignment of part of the fund as against drawee.

2. Evidence ⨳20(2).

It is common knowledge that a bank undertakes to repay deposit, or debt created thereby, to order of depositor, whether on one or numerous orders.

3. Assignments ⨳50(2)—Draft drawn by creditor on debtor in favor of third person for whole of a particular fund in debtor's hands operates as an equitable assignment of such fund to payee.

Where a draft or order is drawn by a creditor on his debtor in favor of a third person for the whole of a particular fund or debt in debtor's hands, it will operate as an equitable assignment of such fund or debt to payee named, and, if notice of such draft or order is communicated to drawee, it will bind fund or debt in his hands.

4. Assignments ⨳30—Owner of chose in action or property in custody of another may make valid assignment of such rights.

Owner of a chose in action or of property in custody of another may assign a part of such rights, which assignment will be enforced in equity.

5. Assignments ⨳49—Parties may agree that check shall operate as an assignment of any part of funds to credit of depositor with bank, notwithstanding Negotiable Instruments Act to contrary (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197).

Though Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197) provides that a check shall not operate as an assignment of any part of funds to credit of depositor with bank, parties may create such an assignment by their agreement or understanding.

6. Assignments ⨳49—Check delivered to payee held an equitable assignment of fund on its coming into existence, making bank liable directly to payee for payment, and hence subject to garnishment for his debts.

Check drawn by maker and delivered to payee held an equitable assignment of special fund created for its payment on its coming into existence, though check was not accepted by bank when first presented, making it liable directly to payee for payment, and hence subject to garnishments for his debts.

7. Assignments ⨳49.

Check need not order payment out of a particular fund to operate as an assignment.

8. Assignments ⨳34, 137.

Assignment of fund by agreement, in addition to giving of check, may be written or oral and may be shown by circumstances or by any character of legitimate evidence.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Troy Hatley against J. W. White, in which the West Texas National Bank of Big Spring was garnished. Judgment giving plaintiff insufficient relief was affirmed in 272 S. W. 571, and plaintiff brings error. Reversed and rendered.

Cunningham & Cunningham, of Big Spring, for plaintiff in error.

Morrison & Morrison, of Big Spring, for defendant in error.

SPEER, J. Troy Hatley, who held a judgment against J. W. White garnished West Texas National Bank of Big Spring, and from an instructed verdict in his favor for the sum of $128.08 admitted by the garnishee to be due White, he appealed, and that judgment was affirmed by the Court of Civil Appeals. 272 S. W. 571. That appeal and the present writ of error are predicated upon the contention of Hatley that the bank was liable for the full amount of his judgment against White, being $500 with interest, upon the theory that at the time of the service of the writ upon the bank, White was the owner of a check for $2,400 drawn by G. E. McNew, which check was at the time in the actual possession of the bank. McNew was buying a barber shop, which belonged to White, and the

parties had agreed upon $2,400 as the consideration. McNew had executed and delivered his check as above stated, and White had presented the same to the bank for payment, but the bank refused payment at the time, because McNew was not in funds, but had arranged for a loan conditioned upon Sam Eason's signing a note with him, and since Eason had not signed when the check was first presented, the bank declined payment until the loan, which was for the sum of $2,400, should be consummated. Later, Eason did sign, the loan was consummated, the $2,400 was placed to the credit of McNew, and the check, which in the meantime in some way had been redelivered to White, was presented by and paid to White's wife. There is nothing to indicate the bank accepted the check for payment when first presented. The Court of Civil Appeals in affirming the judgment announced the propositions that a bank upon which a check has been drawn is not liable upon the check to the payee unless and until it accepts or certifies the same, and that under the Uniform Negotiable Instruments Act the transaction did not amount to an equitable assignment of the funds to McNew's credit. The first proposition is generally accepted as a correct statement of the law, but it is, of course, subject to the well-known exception ruled against in the second point of the holding. The real question in this case, then, is whether or not the check drawn by McNew and delivered to White amounted to an equitable assignment so as to make the bank liable directly to White for its payment, and therefore to the garnishing plaintiff. We think such was the effect of the transaction.

[1-5] It is the generally accepted doctrine by the great weight of authority that an order drawn on a debtor for a part of a fund in his hands, and unaccepted by him, will not operate as an equitable assignment of part of the fund as against the drawee, even though drawn on a particular fund specified. The reason for this rule is generally said to be that the debtor has a right to pay his debt in solido and to refuse to be subjected to suits by several claimants, which might result if he were compelled to recognize each order as an assignment pro tanto of the funds. But however uniform has been the holding upon this question, the reasoning is of doubtful soundness, and when rightly analyzed is based apparently upon a false assumption, when applied to the relation of depositor and bank. That assumption is that the contract is that the bank will repay only in solido to the order of the depositor, whereas it is matter of common knowledge—the universal custom is—that the bank undertakes to repay the deposit or debt created thereby to the order of the depositor, whether upon one or numerous orders. So that in truth to treat an order for part of the fund as an equitable assignment in no wise violates the right as measured by the contract of the depositary bank. But we are not intending to overrule that line of decisions, as between parties bearing this relation, for it is not necessary. An exception to the general rule, as well established perhaps as the rule itself—for the supposed reason of the rule has no application to the exception—is that where a draft or order is drawn by a creditor on his debtor in favor of a third person for the whole of a particular fund or debt in the debtor's hands, it will operate as an equitable assignment of such fund or debt to the payee named in the draft or order, and if notice of such draft or order is communicated to the drawee, it will bind the fund or debt in his hands. Laclede Bank v. Schuler, 120 U. S. 511, 7 S. Ct. 644, 30 L. Ed. 704; Golsen v. Golsen, 127 Ill. App. 84; Spring City Bank v. Rhea County, (Tenn. Ch. App.) 59 S. W. 442. Indeed, our own Supreme Court goes even further and holds that where the circumstances show that it was the intention of the parties that the order was to be paid out of a particular fund that it would constitute an equitable assignment of that much of the fund. Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Johnson v. Amarillo Improvement Co., 88 Tex. 505, 31 S. W. 503. Other courts likewise extend the exception thus far. It is decidedly clear that the owner of a chose in action or of property in the custody of another may assign a part of such rights, and that an assignment of this nature, if made, will be enforced in equity. Fourth Street Nat. Bank v. Yardley, 165 U. S. 634, 17 S. Ct. 439, 41 L. Ed. 855. Even though the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197) provides that a check shall not operate as an assignment of any part of the funds to the credit of the depositor with the bank, yet it is entirely competent for the parties to create such an assignment by their agreement or understanding, oral or otherwise, in addition to the check that such shall be the effect of the transaction. Rising Star First Nat. Bank v. Texas Moline Plow Co. (Tex. Civ. App.) 168 S. W. 420. This is but a recognition of the right of contract between the parties, that is, to create an assignment, and is not at all forbidden by the terms of the act, which declares that the check itself shall not amount to an assignment pro tanto of itself. See, also, Central Bank & Trust Co. v. Davis (Tex. Civ. App.) 149 S. W. 290 (writ refused). The right of the holder of such a check to sue is not predicated upon privity of contract, but—rather except—upon the assignment.

[6] It is apparent, we think, that a special fund was created with plaintiff in error bank, against which entire fund the depositor drew the check in question, and it is undisputed that the bank had full notice, if notice be necessary, and we are of the opinion that

thereafter, certainly from the coming into existence of the fund against which the check was known to be outstanding, the title to the fund passed equitably to White, the holder of the check, and that the writ of garnishment upon plaintiff in error impounded the fund, and the bank's payment made thereafter was unlawful.

[7, 8] It is not necessary that the check itself should have ordered payment out of the particular fund. The assignment may be written or oral and may be shown by circumstances, or by any character of legitimate evidence. Word v. Elwood, 90 Tex. 130, 37 S. W. 414; Slaughter v. Bank (Tex. Civ. App.) 164 S. W. 27; N. Y. Life, etc., Co. v. Patterson, 35 Tex. Civ. App. 447, 80 S. W. 1058 (writ refused); Throop, etc., Co. v. Smith, 110 N. Y. 83, 17 N. E. 671; Seligman v. Wells (C. C.) 1 F. 302; In re Hollins, 215 F. 41, 131 C. C. A. 349, L. R. A. 1915B, 438.

We therefore recommend that the judgment of both courts be reversed, and that judgment be here rendered in favor of plaintiff in error against defendant in error for the full amount of his judgment against J. W. White.

CURETON, C. J. Judgments reversed and rendered for plaintiff in error, as recommended by the Commission of Appeals.