**GREEN v. BROWN et al.   (No. 844.)**

Court of Civil Appeals of Texas.   Waco.
Nov. 7, 1929.

Rehearing Denied Dec. 19, 1929.

J. W. Spivey, of Waco, for plaintiff in error.

B. A. Garrett, of Waco, and Bartlett, Carter & Rice and T. B. Bartlett, all of Marlin, for defendants in error.

STANFORD, J.   This suit was filed by defendants in error, Ethel Brown and husband, Guy C. Brown, against the First National Bank of Rosebud, to recover of said bank certain rents alleged to have been deposited in said bank by J. T. Richardson, a tenant of defendants in error, Ethel and Guy Brown; and it was further alleged, in substance, that by agreement of all parties interested in said rents, as shown by two checks of J. T. Richardson to the Browns, and other evidence, said bank agreed to turn over to the said Ethel Brown and Guy C. Brown said rents, when the release of a garnishment proceeding by said Browns against said bank was furnished the bank, and that said release was furnished, etc.   The bank answered, in substance, that after the agreement referred to above was made, and before the certified copy of the order of dismissal of the garnishment suit, referred to above, was furnished to it, another garnishment writ was sued out and served upon it in the suit of A. J. D. Laffere against W. B. Richardson and J. T. Richardson, and alleged further that the said Laffere, and also E. E. Green, Wm. Cameron & Co., and J. T., W. B., and J. H. Richardson were all claiming some interest in said funds in its possession; that it held in the name of J. T. Richardson the sum of $462.71, and in the name of J. T. Richardson rent account $432.18; that the said J. T. Richardson had notified it not to pay said checks to the said Browns, that he had transferred all of said funds to E. E. Green, that it was only a stakeholder, and asked that all said parties be brought in and that the court adjudicate to whom it should pay said funds.   All of said adverse claimants to said fund did come into this suit and filed lengthy pleadings, but the allegations of such pleadings, we think, are not material to the controlling issue in this case.

After the evidence was in, the court instructed the jury to return a verdict for defendants in error Ethel and Guy Brown against the defendants W. B. Richardson, J. T. Richardson, E. E. Green, and the First National Bank of Rosebud for $675.60, and in favor of E. E. Green against the two Richardsons and said bank for the remainder of said fund in said bank, and against all other parties.   The jury having returned the verdict as instructed, and judgment having been en-

tered thereon, E. E. Green alone has appealed, and presents the record here for review.

Under his first proposition, plaintiff in error Green contends, in effect, that the trial court erred in instructing a verdict for defendants in error, Ethel and Guy C. Brown, and in refusing to instruct for him for the entire amount of the deposit in question. The record shows that the defendants in error, Ethel and Guy C. Brown, for the year 1927 rented certain lands to J. T. and J. H. Richardson, and that in the fall the said Richardsons failed to pay the rents; that the Browns sued said tenants for said rents, and at the same time sued out a writ of garnishment and had same served on the First National Bank of Rosebud, requiring it to appear and answer what, if anything, it was indebted to said tenants, the Richardsons; that at the time said writ was served J. T. Richardson had on deposit in said garnishee bank in two accounts the following amounts: "J. T. Richardson, $462.71,". and "J. T. Richardson Rent Account, $432.18." That after said writ of garnishment was served, the said J. T. Richardson notified the said Browns he wanted to make a settlement of said rent suit, and accordingly Guy C. Brown for himself and as agent for his wife, Ethel Brown, met the said J. T. Richardson in Rosebud and had a settlement of the controversy over the amount of the rents due by said Richardsons, and in pursuance of said settlement agreement, J. T. Richardson executed a check on said rent account for $432.18, being the entire amount deposited in said account, and another check on his general account for $243.42, both checks payable to the order of Guy C. Brown. Guy C. Brown accepted said two checks in settlement of the rent, and he, with J. T. Richardson, went to the garnishee bank with said checks and explained to the bank that they had settled their rent controversy, that said checks had been given in payment of said rents, and both requested the bank to pay said checks. Said bank, through its proper officers, stated, in substance, that the checks were all right and would be paid, but that it wanted the garnishment suit against it released. So said bank agreed with Guy C. Brown that he could indorse said checks and leave them with the bank, and agreed to forward to Brown the money represented by the checks as soon as the garnishment suit was dismissed and the bank furnished with a copy of the order of dismissal. Guy C. Brown did indorse said checks and leave them with the bank under and by virtue of the above agreement made with the bank in the presence of J. T. Richardson, the maker of said checks. The Browns relied upon the above agreement with the bank, and in pursuance thereof did have their suit against J. T. and J. H. Richardson dismissed and furnished the bank a copy of the order of dismissal of the garnishment suit, but the bank then refused to deliver to the Browns the money represented by said checks on the ground that after the above agreement was made, but before the copy of the order of dismissal of the garnishment suit was furnished, another garnishment arising out of another suit of A. J. D. Laffere against the Richardsons was served on the bank, which rights, if any, acquired by Laffere were afterwards assigned to plaintiff in error, E. E. Green.

N. E. Stockton, vice president and cashier of the bank, testified, in part, as follows: "I don't remember whether I told Mr. Brown that I would send him a cashier's check when I got the order (of dismissal) or not; we told him we would pay it when we got the release. I would not have paid this money out to anybody else except Mr. Brown, but we would have paid it to him if the second garnishment hadn't been run. Mr. Richardson agreed for the checks to be paid, and I would have paid Mr. Brown if the second garnishment had not been served. I considered this money belonged to the Browns under our agreement, and would not have permitted the Richardsons to have stopped payment of the checks."

Said witness testified further as follows: "That 'Rent Acc' means 'Rent Account.' To the bank it means money deposited to the J. T. Richardson rent account separate from his individual account * * * The Richardsons were depositing money in their personal account and some money in the rent account. I knew that this $422.18 was for the rent account—it was supposed to be rent money. * * * As to when I found out that the $432.00 was rent money, I will say that I supposed it was rent money as it was deposited in the rent account. * * * When a farmer sells four or five bales of cotton, the rent is put in one account and his personal account would be in another * * * one-fourth of the money would be in the rent account and three-fourths would be in his personal account."

The J. T. Richardson accounts show there were numerous checks drawn by him on his general account, but only one for $90.27 on the rent account, and it seems to have been drawn on the rent account by mistake, for it was redeposited in the rent account the same day it was drawn. One of said checks given to the Browns in settlement of the rents was for $432.18, the entire amount of the rent account.

■ In addition to the contention that the court erred in instructing a verdict for defendants in error, the Browns, and in refusing to instruct for plaintiff in error for the whole of said fund, the plaintiff in error contends the Browns' pleadings were insufficient, that they sued upon the checks and were not entitled to recover thereon, and that they did not plead an equitable assignment of the funds in the bank represented by said checks, and by reason of said defects in pleading, the

court should have sustained E. E. Green's general demurrer, and should have instructed for him. The defendants in error, the Browns, pleaded the facts practically as above set out, and alleged, in substance, the funds in controversy in the bank belonged to them, and sought to recover said funds. Having alleged the facts showing an equitable assignment by J. T. Richardson, to them of said funds in the bank, it was not necessary for them to allege the conclusion of law that the facts stated constituted an equitable assignment of the funds. Article 2003, Revised Civil Statutes; Lumsden v. Jones (Tex. Civ. App.) 205 S. W. 375, and cases cited; 5 C. J. pp. 1393 to 1395, §§ 37 and 41. These contentions are overruled.

█ Did the evidence authorize the peremptory instruction in favor of the Browns? That J. T. Richardson's rent account was a special account, separate and distinct from his general account, cannot be doubted. It was so treated and considered by both the bank and J. T. Richardson. In his payment of the rents due the Browns, Richardson gave them a check for $432.18 on said rent account, same being for the entire and exact amount of said account, and J. T. Richardson, the drawer of said check, accompanied Guy C. Brown to the bank and explained to the bank that said check was in settlement, in part, for rent due the Browns, and requested the bank to pay same to the Browns. The drawing and delivery of said check for the entire amount of said deposit, under the circumstances above set out, of itself, constituted an equitable assignment to the Browns of the rent account for $432.18. Provident Bank v. Hartnett Co., 100 Tex. 214, 97 S. W. 689; Hatley v. West Texas Nat. Bank (Tex. Com. App.) 284 S. W. 540; Central Bank & Trust Co. v. Davis (Tex. Civ. App.) 149 S. W. 290 (writ refused); New York Life Ins. Co. v. Patterson, 35 Tex. Civ. App. 447, 80 S. W. 1058 (writ refused); Laclede Bank v. Schuler, 120 U. S. 511, 7 S. Ct. 644, 30 L. Ed. 704; Golsen v. Golsen, 127 Ill. App. 84; Spring City Bank v. Rhea County (Tenn. Ch. App.) 59 S. W. 442; 5 C. J. p. 922, par. 13. In Corpus Juris, cited above, the author says: "Where a draft or order is drawn by a creditor on his debtor and in favor of a third person for the whole of a particular fund or debt in the debtor's hands, it will operate as an equitable assignment of such fund or debt to the payee named in the draft or order, and after notice of such draft or order is communicated to the drawee, it will bind the fund or debt in his hands." The above is the settled law not only in Texas, but in the United States, and practically all the states. At common law a chose in action could not be assigned in part, so as to enable the assignee of such part to bring suit upon it, unless the creditor assented thereto. The reason of the rule was that it was unjust to the debtor to permit the creditor to split up the debt and thereby subject the debtor to

more than one suit for its collection. But where the assignment is for the whole of the debt, of course the reason for the rule does not exist. Harris County v. Campbell et al., 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Hatley v. West Texas Nat. Bank, supra.

█ What is said above in reference to the check for $432.18 is, we think, applicable also to the check for $243.42 drawn by J. T. Richardson in favor of the Browns on his general account. The record shows that at the same time J. T. Richardson drew the check on his general account for the $243.42 to the Browns, he drew another check to his sister for $219.29, which two checks absorbed the entire amount of his general account. The record fails to disclose the order in which said checks were drawn, nor do we think this material. He evidently intended and did by the two checks assign the entire fund in his general account.

In addition to what is said above, we think the undisputed evidence, as above set out, shows conclusively that J. T. Richardson, the drawer of said two checks, the Browns, to whom they were payable, and the garnishee bank, the drawee, all understood and intended said checks to be an assignment of the money in the bank represented by said check to the Browns, and if such was the intention and understanding of the parties, then effect must be given to such intention.

We think there can be no doubt but that the transaction here involved, under all the facts and circumstances, which are not in dispute, constituted an equitable assignment to the Browns of the funds represented by said checks. Hatley v. West Texas Nat. Bank (Tex. Com. App.) 284 S. W. 540, 541; Central Bank & Trust Co. v. Davis (Tex. Civ. App.) 149 S. W. 290 (writ refused); Harris County v. Campbell et al., 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; First Nat. Bank, etc., v. Moline Plow Co. (Tex. Civ. App.) 168 S. W. 420; Burns & Bell v. Lowe (Tex. Civ. App.) 161 S. W. 942; Fourth Street Bank v. Yardley, 165 U. S. 634, 644, 17 S. Ct. 439, 41 L. Ed. 855; 5 C. J., p. 920. In the first case above cited, the Commission of Appeals said: "Even though the Negotiable Instruments Act * * * provides that a check shall not operate as an assignment of any part of the funds to the credit of the depositor with the bank, yet it is entirely competent for the parties to create such an assignment by their agreement or understanding oral or otherwise, in addition to the check that such shall be the effect of the transaction. * * * This is nothing but a recognition of the right of contract between the parties, that is, to create an assignment, and is not * * * forbidden by the terms of the act, which declares that the check itself shall not amount to an assignment pro tanto * * *. The right of the holder of such a check to sue is not predicated upon privity of contract, but—rather except —upon the assignment." In 5 C. J., supra,

the author, in referring to the Negotiable Instruments Act, says: "While the mere giving of a check does not operate as an assignment of the fund, it is competent for the parties to create such an assignment by a clear agreement or understanding, oral or otherwise in addition to the check, that such shall be the effect of the transaction."

J. T. Richardson having given said two checks in payment of rents admitted to be just and due, and requested the bank to pay said checks, and by so doing having induced the Browns to dismiss their garnishment suit, thereby releasing their garnishment lien on the funds in said bank, was by said acts effectually estopped from countermanding the payment of said checks, or claiming any interest in the funds represented by said checks. The bank fully understood the situation, saying it would not have permitted J. T. Richardson to stop payment on said checks, for it considered the money represented by said checks belonged to the Browns. Richardson evidently had no further interest in or claim to said funds, and plaintiff in error, a subsequent garnishing creditor of Richardson, could not acquire any better right to said fund than J. T. Richardson had. Hall v. Nunn Electric Co. (Tex. Civ. App.) 183 S. W. 13 (writ refused); Smith v. Houston Exchange Bank (Tex. Civ. App.) 202 S. W. 181; Mensing v. Engelke, 67 Tex. 532, 4 S. W. 202. Under the undisputed facts in this case, no other judgment could properly have been rendered than was rendered. We have not discussed, but have considered, all of the assignments of plaintiff in error, and finding no reversible error, overrule same.

The judgment is affirmed.