## VANCE v. DUGAN et al.
### No. 4124.

United States Court of Appeals
Tenth Circuit.
March 8, 1951.

Timothy B. Keleher, Albuquerque, N. M., for appellant.

W. Peter McAtee, Albuquerque, N. M. (James R. Toulouse, Albuquerque, N. M., on the brief), for appellees.

---

57. See 8 Cir., 130 F.2d 763.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an action by a trustee in bankruptcy to set aside two 'conveyances of real property made by the bankrupt, Lester C. Eickhoff, and Gladys K. Eickhoff, his wife, to William C. Dugan and Lela Dugan, his wife, creditors of the bankrupt, on the ground they constituted preferences under 11 U.S.CA. § 96. Gladys K. Eickhoff and Lela Dugan are sisters.

The trial court found that at the times the deeds were recorded the Dugans did not have reasonable cause to believe that the bankrupt was insolvent, and entered a judgment against the trustee.

Section 13–203, New Mexico Statutes 1941 Annotated provides that an unrecorded deed, mortgage, or other instrument in writing shall not "affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith, or judgment lien creditor, without knowledge of the existence of such unrecorded instruments."

It follows, under the provisions of § 96, supra, that neither of such transfers was perfected until the deed given to effectuate it was recorded.

■ The burden is upon the trustee to establish all of the elements of a preference under § 96, supra, including the element that the creditor had reasonable cause to believe that the bankrupt was insolvent.[1]

Counsel for the trustee asserts that when the relationship between Mrs. Eickhoff and Mrs. Dugan was established a presumption arose that the Dugans had knowledge that Eickhoff was insolvent at the times the deeds were recorded, and that it became incumbent upon the Dugans to overcome that presumption and affirmatively establish want of reasonable cause to believe on their part that Eickhoff was insolvent at the times the deeds were recorded.

■ Mere kinship between a debtor and a creditor does not warrant the inference that the creditor has knowledge of the financial condition of the debtor. Such knowledge is not a normal or natural incident of kinship.[2]

Here, there were no other facts or circumstances from which it could reasonably be inferred that the Dugans had reasonable cause to believe Eickhoff was insolvent at the times the deeds were recorded. Indeed, the facts, known to the Dugans or readily ascertainable by them, tended to establish Eickhoff's solvency rather than insolvency at the critical dates and it would have taken a careful scrutiny and examination of Eickhoff's affairs to ascertain the fact of his insolvency on such dates.

■ We deem it unnecessary to review the facts in detail. The finding of the trial court is supported by substantial evidence and is not clearly erroneous.

Affirmed.

1. Pyle v. Texas Transport & Terminal Co., 238 U.S. 90, 98, 35 S.Ct. 667, 59 L.Ed. 1215; Remington on Bankruptcy, 4th Ed., Vol. 5, § 2301; Collier on Bankruptcy, 14th Ed., Vol. 3, § 60.54; Marshall v. Nevins, 9 Cir., 242 F. 476, 478.

2. Ortlieb v. Baumer, D.C.S.D.N.Y., 6 F. Supp. 58, 60, 61; Marshall v. Nevins, 9 Cir., 242 F. 476.