A. J. BUMB, as Trustee in Bankruptcy for the Estate of Thompson Electric Co., Bankrupt, Appellant,

v.

VALLEY ELECTRIC COMPANY, a California corporation, Appellee.

No. 22687.

United States Court of Appeals Ninth Circuit.

Nov. 26, 1969.

---

Robert A. Fisher (argued), of Craig, Weller & Laugharn, Los Angeles, Cal., for appellant.

William T. Selby (argued), Ventura, Cal., for appellee.

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, plaintiff in the district court, appeals from a judgment of the district court denying relief sought against appellee, defendant in the district court, on a complaint seeking recovery of certain alleged voidable bankruptcy preferences under Section 60 of the National Bankruptcy Act (11 U.S.C. § 96).

The district court, inter alia, concluded that the adjudication in bankruptcy of bankrupt was void and without the ju-

risdiction of the court. This conclusion is based upon findings of fact made by the court that two of the three persons claiming to be creditors of the bankrupt, who filed the involuntary petition, were in fact not creditors of the bankrupt.

We agree with appellant's contention that the court erred in reaching such conclusion.

The record discloses that the adjudication of bankruptcy was based on an involuntary petition and the written consent of the bankrupt. No proceedings to review, or appeal from, the order of adjudication was ever taken.

It has been settled law for many years that an adjudication of bankruptcy is no more susceptible to collateral attack than other judgments or decrees of courts of competent jurisdiction.

In the case of Huttig Mfg. Co. v. Edwards, 160 F. 619 (8th Cir. 1908), which, as here, involved a plenary suit by a trustee in bankruptcy to set aside a voidable preference, the Court stated, on page 622:

> "The manufacturing company attacks the validity of the adjudication that D. Winter was a bankrupt upon the ground that one of the three petitioners in the involuntary proceeding was not a creditor, but since the attack was made in a proceeding by the trustee to annul a preference it is a collateral, not a direct, one. An adjudication of bankruptcy is entitled to the same verity and is no more to be impeached collaterally than other judgments or decrees of courts of competent jurisdiction. It cannot be assailed by the defendant in a suit by the trustee to recover or avoid a preference upon the ground that one of the petitioners was not in fact a creditor of the bankrupt. When the record shows jurisdiction the adjudication of bankruptcy is subject to impeachment only by a direct proceeding in a competent court."

To the same effect see Teiger v. Stephan Oderwald, Inc., 31 F.Supp. 626 (S.D., N.Y., 1940).

The fact that the district court erred in concluding that the adjudication of bankruptcy was void does not require, under the record in this case, a reversal of the judgment. This because of findings of fact made by the district court on other relevant issues.

The essential elements of a voidable preference under Section 60 are as follows: (1) there must be a transfer of property owned by the debtor; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt; (4) made or suffered by the debtor while insolvent; (5) within four months of bankruptcy; (6) the effect of which will enable the creditor to obtain a greater percentage of his debt than other creditors of the same class; and (7) the creditor receiving the transfer or to be benefitted thereby, or his agent, must have reasonable cause at the time the transfer is made to believe that the debtor is insolvent. 11 U.S.C. § 96(a) (1) and (b).

The district court found, inter alia, as facts that the bankrupt was not insolvent at the critical period or periods, and that at the time payments were made by bankrupt to appellee, appellee did not know, nor did it have reasonable cause to believe, that bankrupt was insolvent.

The absence of any one of the seven elements above mentioned negates the existence of a voidable preference. 3 Collier on Bankruptcy (14th edition) § 60.36, page 874; 4 Remington on Bankruptcy § 1657, page 197. The burden of proving each and every one of these elements is upon the trustee. Aulick v. Largent, 295 F.2d 41 (4th Cir. 1961); Moran Bros. v. Yinger, 323 F.2d 699 (10th Cir. 1963).

Our review of the record convinces us that the findings of fact are adequately supported by the evidence. They are not clearly erroneous. See Rule 52 (a), Rules of Civil Procedure.

The judgment of the district court decreeing that appellant take nothing by reason of the action is affirmed.