**Herschel A. GENTRY, Trustee in Bankruptcy, In the Matter of Twin City Fixtures, Inc.,**

v.

**TWIN CITY GLASS, INC.**

Civ. A. No. 17356.

United States District Court,
W. D. Louisiana,
Monroe Division.

June 11, 1973.

Louis D. Smith, Hayes, Harkey, Smith & Cascio, Monroe, La., for plaintiff.

Anthony J. Bruscato, Bruscato & Loomis, Monroe, La., for defendant.

## OPINION

DAWKINS, Chief Judge.

This is an action by the Trustee in Bankruptcy to avoid a "lien" and preference in order to recover property transferred allegedly subject thereto or for its value.

The salient facts are simple. Twin City Glass, Inc., being a judgment creditor of the bankrupt, caused a writ of fieri facias (seizure and execution upon its judgment) to issue from the Fourth Judicial District Court, Ouachita Parish, Louisiana, directed to its Sheriff. The writ was executed April 27, 1970, by seizure of movable property belonging to the bankrupt, which was sold at a Sheriff's Sale conducted on May 20, 1970. Shortly thereafter, the petition for bankruptcy was filed on June 9, 1970.

November 22, 1971, the Trustee instituted this action to recover the property, or value thereof, on behalf of general creditors of the bankrupt.

In his brief, the Trustee assumes the position that the basis of this action is Section 67(a)(1)(a) of the Bankruptcy Act, which provides:

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent. . . ."

The Trustee is in error. See 4 Collier on Bankruptcy, § 67.15[4]:

"Section 67(a)(3) begins, 'The property affected by any lien deemed null and void under the provisions of paragraph (1) and (2) of this subdivision (a) shall be discharged from such

lien. . . . ' The use of the phrase 'property affected by,' rather than 'property subject to,' 'any lien deemed null and void' has been said to make it clear that the proceeds of the sale to a bona fide purchaser of property subject to such a lien may nevertheless pass to the Trustee. Where the lien of a judicial proceeding has been enforced by the sale of the debtor's property *subject thereto* and the proceeds paid over to the lien creditor prior to the debtor's bankruptcy, the lien becomes merged in the payment and accordingly cannot be affected by § 67(a), notwithstanding the occurrence of bankruptcy within four months of the acquisition of the lien . . . . So long as payment of the proceeds has not been made to the lien creditor, his rights by virtue of the legal proceedings are, therefore, subject to the interception by the filing of the bankruptcy petition." (Emphasis added.)

Here the lien creditor has enforced his lien and has received the proceeds from sale of the property. Therefore, Section 67 is not applicable to the fact situation presented here.

"A lien creditor who purchases property at a judicial sale to enforce his lien or who receives the proceeds of such a sale made to an innocent purchaser was generally not regarded as a bona fide purchaser for value under former § 67(f). The provision in § 67(a)(3) limiting the protection of a bona fide purchaser acquiring title otherwise than at a judicial sale to the extent of the present consideration paid therefor may carry an implication that the lien creditor purchasing at his own sale is now fully protected even though his bid does not exceed the amount of his claim. But if the transaction is complete, so far as the creditor is concerned, at the time the petition is filed, then no lien remains for § 67(a) to affect. Yet the Trustee may be able in some cases to reach the proceeds of the sale in the hands of the Court officer making it. Or, the creditor may be subjected to a plenary suit for the recovery of the property or its purchase price paid to him as a voidable preference under § 60." 4 Collier, *supra,* ¶ 67.17.

Although the Trustee does not urge applicability of Section 60 of the Bankruptcy Act, we refer to it as it here pertains. Section 60(a) provides:

"(a)(1) A preference is a transfer as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

Subsection (b) determines the condition which must be met in order for the Trustee to avoid the transfer:

"(b) Any such preference may be avoided by the Trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property."

The absence of any one of the requisite elements under Section 60(a)(1) or 60(b) negates the existence of a preference. Bumb v. Valley Electric Co., 419 F.2d 107 (9th Cir., 1969). The burden is upon the Trustee seeking to avoid the transfer to show that each of these elements has been fulfilled. *Bumb, supra*; Moran Bros., Inc. v. Yinger, 323 F.2d 699 (10th Cir., 1963); Aulick v. Largent, 295 F.2d 41 (4th Cir.,

1961); Republic National Bank of Dallas v. Vial, 232 F.2d 785 (5th Cir., 1956).

We do not deem it necessary to comment upon what the Trustee has proved and what he has not proved. It is sufficient to note that he has not carried his burden of proof as to knowledge by defendant as to the bankrupt's insolvency at the time of the seizure and sale of the property. This is apparent from a close review of the record.

Accordingly, we hold that this is not a transfer which may be considered a preference under Section 60 of the Bankruptcy Act.

A proper decree, in accordance with our Local Rule 9, should be presented.