In re Richard H. CASCELLA, Anne B. Cascella, Bankrupts.

Michael D. COLEMAN, Trustee, Plaintiff,

v.

KIRSHENBAUM INVESTMENT COMPANY, INC., Defendant.

Bankruptcy Nos. BK–78–292, BK–78–293.

United States Bankruptcy Court, D. Rhode Island.

Dec. 14, 1979.

Michael D. Coleman, Warwick, R. I., for Trustee.

Sanford Kirshenbaum, Providence, R. I., for defendant.

## MEMORANDUM OPINION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Michael D. Coleman, trustee in bankruptcy of Richard and Anne Cascella brought this action against Kirshenbaum Investment Company, Inc. to determine the ownership of proceeds received from the sale of real estate located at 46 Lippitt Avenue in Warwick, Rhode Island.

The following facts are undisputed. On November 16, 1977 H. Hill & Sons, Inc. obtained a judgment against the Cascellas for $886.85 in the Sixth District Court. An execution was issued on the judgment and levied by recording with the Warwick City Clerk on November 23, 1977. The execution covered the real estate at 46 Lippitt Avenue. On April 28, 1978, pursuant to R.I.G.L. 9–26–16, a Sheriff's Sale was held and the property was purchased by Kirshenbaum Investment Co., Inc., and the Sheriff's Deed was recorded with the Warwick City Clerk on May 16, 1978. On September 7, 1978, the Cascellas filed voluntary petitions in bankruptcy.

By agreement, Kirshenbaum executed a quit-claim deed to the Trustee so that a sale could take place, with the proceeds held pending adjudication of Kirshenbaum's claim to said funds. Pursuant to an Order entered by this Court, the Trustee sold the property and received $1,297.62 net proceeds from the sale.

The major issue raised in this case is whether the transfer of the property to Kirshenbaum Investment Co. may be avoided by the Trustee as a voidable preference under § 60 of the Bankruptcy Act, 11 U.S.C. § 96.

The elements of a voidable preference are clear and unambiguous. They must include: (1) a transfer of debtor's property; (2) to or for the benefit of the creditor; (3) for or on account of an antecedent debt; (4) while insolvent; (5) within four months of filing a petition in bankruptcy; (6) which will enable such creditor to obtain a greater percentage of his debt than other creditors of the same class; and (7) such creditor had reasonable cause to believe that the debtor was insolvent at the time of transfer. *Kenneally v. First Nat. Bank of Anoka*, 400 F.2d 838 (8th Cir. 1968), cert. denied, 393 U.S. 1063, 89 S.Ct. 716, 21 L.Ed.2d 706 (1969); *Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199 (9th Cir. 1974); *Mayo v. Pioneer Bank & Trust Co.*, 270 F.2d 823 (5th Cir. 1959); 3 *Collier on Bankruptcy*, 60.02 at 758–59 (Moore ed. 1977). Unless all elements are present, a preference does not exist and the allegedly preferred creditor may not be required to disgorge. *Bumb v. Valley Elec. Co.*, 419 F.2d 107 (9th Cir. 1969); *In re Erie & Steel Corp.*, 456 F.2d 699 (1963).

The element of a voidable preference in controversy is whether or not the transfer of the real estate to Kirshenbaum Investment Company took place within four months of the date of the bankruptcy petition. Section 60 of the Bankruptcy Act sets forth two methods for determining when a transfer of real property has taken place. Section 60a(2) provides that

" . . . A transfer of real property shall be deemed to have been made or suffered when it became so far perfected that no subsequent bona fide purchase from the debtor could create rights in such property superior to the rights of the transferee. If any transfer of real property is not so perfected against a bona fide purchase, . . . it shall be deemed to have been made before the filing of the petition."

The determination of the time when the transfer is made is also dealt with in § 60a(7).

'Any provision in this subdivision (a) to the contrary notwithstanding . . .

if the applicable law requires a transfer of real property for such a consideration to be so perfected in order that no bona fide purchase from the debtor could create rights in such property superior to the rights of the transferee, the time of transfer shall be determined by the following rules:

I. Where . . . (B) the applicable law specifies no such stated period of time or where such stated period of time more than twenty-one days, and compliance therewith is had within twenty-one days after the transfer, the transfer shall be deemed to be made or suffered at the time of the transfer."

█ The Trustee concedes that if the provisions of § 60a(7) are applied, the transfer of the real estate to Kirshenbaum Investment Co. would have occurred on April 28, 1978. Under § 60a(7), if state law specifies no time period for the perfection of a deed by recording it, and if the deed is recorded and thus perfected within twenty-one days from the date of transfer, the transfer is deemed to be made at the time of sale and not at the time the deed was perfected. Rhode Island law specifies no time period for the recording of a deed, *see* R.I.G.L. 34–11–1, and the deed to Kirshenbaum Investment Co. was recorded within twenty-one days from the time of the sale of the property. Therefore, under § 60a(7), the date of the sale of the real estate to Kirshenbaum Investment Co., April 28, would be considered to be the transfer date, and since this is more than four months prior to the date of the bankruptcy petition, an essential element of a voidable transfer is lacking.

The Trustee contends, however, that the provisions of § 60a(7) cannot operate to fix the time of the transfer of property unless the requirements of § 60a(2) are also satisfied. The thrust of his argument is that unless the transfer of the real estate had been so far perfected on the date of filing that no bona fide purchaser could have acquired superior rights in the property, the transfer can be attacked as preferential. Since under state law a transfer of property

is not generally perfected until the deed is recorded, the trustee contends that the delay by Kirshenbaum Investment Co. in recording allows him to assert the rights of a bona fide purchaser and avoid the transfer as preferential, notwithstanding the timing provisions of § 60a(7).

The resolution of this issue requires an examination of the interrelationship of §§ 60a(2) and 60a(7) of the Bankruptcy Act.

Prior to the 1950 Amendments to the Bankruptcy Act, the time of transfer was controlled by the bona fide interest test of § 60a(2). Pre-1950, if the Trustee, as a hypothetical bona fide purchaser, could have obtained superior rights in the property before the transfer was perfected, the time of transfer was deemed to occur immediately before the petition in bankruptcy was filed. The literal application of this test led to some harsh results. Transfers of property, particularly personal property, which were valid between the parties would be considered preferences because they were not perfected under state law. See, *Corn Exchange National Bank & Trust Co. v. Klander*, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943); see also, *In re Vardaman Shoe Company*, 52 F.Supp. 562 (D.C.Mo. 1943); 3 *Collier on Bankruptcy, supra*, at 941. The 1950 Amendments to § 60 attempted to rectify this situation. The bona fide purchaser test, as to transfers of personal property, was abolished, and while the test was retained as to transfers of real property, an important exception, § 60a(7) was added:

"no transfer made in good faith, for a new present consideration shall constitute a preference . . . if the provisions of applicable state law governing the perfection of such transfer are complied with, within an appropriately rigid time limitation (21 days) for such perfection if such limitation is not itself prescribed by the applicable state law."

3 *Collier on Bankruptcy, supra*, at 949.

█ The Trustee overlooks in his arguments the impact of § 60a(7) on the bona fide purchaser test established under § 60a(2). Contrary to the Trustee's asser-

tion, § 60a(7) does not require, as a condition precedent, that the bona fide purchaser test also be met. Rather, § 60a(7) creates an *exception* to this test for transfers of real property by giving the transferee a twenty-one day grace period to perfect his or her interest. As one court described the effect of this exception, if a

> "transfer . . . is perfected under state law within twenty one days . . then the transfer is treated as if it were made when executed even though execution and perfection were not simultaneous."

*Mayo v. Pioneer Bank & Trust*, 270 F.2d 823, 835 (5th Cir. 1959).

■ In sum, the determination of the date of the transfer of the real estate to Kirshenbaum Investment Co. is clearly controlled by § 60a(7) of the Act. Defendant recorded the deed sixteen days after the sale, and in light of the extremely speculative nature of the market value of the subject property, the liabilities assumed by Kirshenbaum constitute new and contemporaneous consideration. Since the recording of the deed related back to the time of the sale, the transfer was made more than four months prior to the date of the bankruptcy petition. We conclude, therefore, that the transfer of the property to Kirshenbaum Investment Co. on April 28, 1978 was not a voidable preference under § 60 of the Bankruptcy Act.

Kirshenbaum Investment Co. concedes at Page 2 of its Memorandum of Law that the claim of H. Hill & Sons, Inc. "should be payable out of the proceeds of the sale of real estate." Accordingly the Court directs the Trustee to turn over $886.65 to H. Hill & Sons, Inc. The balance of the net proceeds of the sale of the property, $410.97, should be turned over to Kirshenbaum Investment Co., Inc.

Judgment should be entered in accordance with the terms of this Decision within ten (10) days.