### In re COMMERCIAL CONTRACTORS, INC., Debtor,

#### Homa Ltd., Appellant.

Civ. A. No. 82–K–358.
Bankruptcy No. 80–B–4167 K.

United States District Court,
D. Colorado.

April 11, 1983.

---

William D. Nelsch, Denver, Colo., for debtor.

Jonathan C.S. Cox, Denver, Colo., Sidney B. Brooks, Denver, Colo., for appellant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from an order of the Bankruptcy Court denying a motion for reconsideration. Homa Ltd. requested reconsideration of an order entered on June 25, 1981, which approved a bankruptcy trustee's proposed resolution of litigation. The motion to reconsider was filed December 8, 1981, and the order denying the motion to reconsider was signed on January 29, 1982. The Notice of Appeal was filed on February 8, 1982.

The proposed resolution of litigation approved by Judge Keller involved an earlier suit filed in Arapahoe County, captioned *Wagco, Inc. v. Dowdle Sheet Metal Co.,* file number 79–CV–1224. That lawsuit involved two pieces of property, referred to as tracts 55 and 56, located in Arapahoe County. In 1979 Wagco acquired options to purchase these tracts of land from Dowdle. When the validity of the options and Wagco's right to exercise them was later disputed, the parties went to court to litigate the issue. After the suit was instigated Wagco assigned all its rights, title, profits, and interest in the option contracts and the pending civil action to Commercial Contractors, Inc., the debtor in the instant bankruptcy proceeding. (Record on Appeal, Vol. I, pp. 37–38.)

When Commercial Contractors later filed for bankruptcy, the trustee of the estate determined that the debtor's interest in the property had value to the estate, and should be pursued as an asset. The Notice of Intended Resolution of Lawsuit resulted. Under the terms of the proposed settlement the trustee would convey the estate's interest in the property to Dowdle Sheet Metal Company in exchange for $10,000 if preferential and fraudulent transfers were avoided, and for $5,000 if the transfers could not be avoided.

All creditors of the estate were notified of the proposed settlement in March, 1981; and a hearing was held regarding the matter on June 16, 1981. Bankruptcy Judge Keller allowed all creditors and other parties in interest an opportunity to be heard after the trustee gave an opening statement and explanation of the proposed settlement. After noting that the settlement appeared to be reasonable and was not attacked by any party on the basis of reasonableness, Judge Keller held that resolution of the litigation in the manner indicated by the Notice of Intended Resolution would be approved. On June 25, 1981 the order was signed, stating that the proposed resolution of litigation was in the best interest of the estate. On November 20, 1981 all preferen-

tial or fraudulent transfers were voided, which allowed the trustee to proceed with arrangements to convey the estate's interest in the property to Dowdle for the full $10,000.

The motion to reconsider was filed by Homa Ltd. on December 8, 1981. Homa had not been a party to any of the bankruptcy proceedings but explained its interest as "an equitable interest in and certain rights and claims to the property" pursuant to an offer it had made to the trustee on November 30, 1981, to purchase the debtor's interest in the property. Ten days after filing the motion to reconsider Homa also acquired, by assignment from Wagco, whatever rights Wagco had in any matter relating to the property in question. Homa's motion asked the court to reconsider its previous orders for the following reasons:

1. The Notice of Intended Resolution of the Lawsuit was inadequate, unclear, and incomplete.

2. The value of the debtor's interest in the property may be worth many times more than $10,000.

3. Transfer of the debtor's interest in the property is not in the best interest of the estate and may result in the loss of assets to the estate and the creditors.

4. Transfer of the debtor's interest is a sale of estate property other than in the ordinary course of business pursuant to 11 U.S.C. 363(b) and must abide by the notice rules of 11 U.S.C. 363(b) and 11 U.S.C. 102(1)(A) of the Bankruptcy Code.

The Order Denying Motion for Reconsideration reiterated that the trustee was operating under an assignment from Wagco to Commercial Contractors, which assigned all rights of Wagco to Commercial. The Order also pointed out that notice of the hearing was given to all creditors, that Wagco was not listed as a creditor, and ultimately held that the notice given was proper. The court also specifically held that Wagco's rights were not unduly affected since they had previously assigned their rights in the litigation to Commercial. Further, the court noted that Homa was not incorporated until December 30, 1981, and the fact that it now wishes to acquire the property involved in the litigation is insufficient grounds to disturb the finality of the court's ruling and the efforts of the parties to conclude the settlement.

In addition to the four issues raised by the Motion for Reconsideration, Homa, as appellant, asks this court to review whether the Bankruptcy Court's approval of the Notice of Intended Resolution of Lawsuit contemplates a conditional conveyance of the bankrupt's interest in certain real property and whether the Bankruptcy Court's Order was based on insufficient or inaccurate information which resulted in unclear or inappropriate instruction and guidance with respect to the disposition of the bankrupt's interest.

The bankruptcy trustee, as appellee, has submitted a motion to dismiss Homa's appeal as well as a brief in response to the appeal. In support of her motion to dismiss, the trustee argues a lack of jurisdiction due to a late notice of appeal and Homa's lack of standing to appeal. Appellant's Notice of Appeal was filed on February 8, 1982. The order being appealed was signed by Judge Keller on January 29, 1982. The appeal was filed within 10 days and is therefore timely filed. Appellee further argues that Homa's position as a prospective purchaser does not give it standing to seek review. It is evident from the recitation of facts that Homa's position is somewhat unclear, but as an assignee of Wagco, it appears to be more than a prospective purchaser at this time. Therefore, viewing the circumstances in the light most favorable to Homa, and considering Homa as an assignee of Wagco, I will review the order resulting from Homa's motion to reconsider. The order itself is based primarily on the status of the parties, as is a major portion of Homa's appeal.

Bankruptcy Rule 810 requires that the bankruptcy judge's findings be upheld by the reviewing court unless they are clearly erroneous. *Farmers Co-Op Ass'n of Talmage, Kansas v. Strunk,* 671 F.2d 391 (10th Cir.1982).

A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Moran Brothers Inc. v. Yinger,* 323 F.2d 699, 702 (10th Cir.1963), citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

After considering the issues presented by appellants for review, I conclude that all appealable issues arise from two findings of fact made by Judge Keller. One from his conclusion that proper notice was given, and one from his conclusion that approval of the proposed resolution of litigation was in the best interest of the debtor's estate. I do not find either of these findings clearly erroneous.

Appellee concedes that the applicable procedural requirements are found in 11 U.S.C. 363(b), which states, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. 102(1)(A) further explains that within the Bankruptcy Act " 'after notice and a hearing,' or a similar phrase—means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." Rule 23 of the Local Rules of Bankruptcy Procedure clarifies both the procedural and substantive nature of the notice requirement:

(1) The notice shall be mailed by the party intending action, postage prepaid first class mail, at least two weeks prior to the date the action is to be taken to all parties in interest at their addresses or that of their attorneys on file with the Court.
(2) The notice shall contain a statement of the action intended or of the claim made sufficient to give notice of the intended action or claim to the parties to whom it is directed.

In denying the motion to reconsider, Judge Keller found that notice was given to all creditors scheduled by the debtor and that Wagco was not listed as a scheduled creditor. He concluded that "the notice given was proper and that Wagco's rights were not unduly affected, they having assigned the rights in the litigation to Commercial Contractors." Homa (as assignee of Wagco) argues that even though Wagco was not listed as a creditor and made no claim on the estate, and notwithstanding the recorded assignments to Commercial Contractors transferring all rights, title, profits, and interest in the option contract and the litigation, Wagco should have been notified of the proposed settlement because of a secret agreement between Commercial Contractors and Wagco in which Commercial agreed to pay Wagco and its (Wagco's) creditors certain sums of money and assume certain liabilities and responsibilities. Homa alleges that the trustee knew of this agreement and therefore should have notified Wagco as an interested party. However no supporting evidence has been submitted to the court stating if or when or how the trustee received this information. Further, this confidential agreement was not made part of the record until January 13, 1982, approximately eleven months after the questioned notice was sent out to all listed creditors, and nearly seven months after the hearing on the proposed settlement was held. Finally, it is the duty of the bankruptcy judge, not the trustee, to determine if there are other parties in interest who should receive notice. In discussing proper procedures to be followed before action can be taken, the Bankruptcy Court has held,

The statutory provisions permit that the Court do so only after notice and a hearing. There may well be other parties in interest which (sic) should have notice, and the responsibility for determining that fact must rest with the judge presiding in the bankruptcy case.

*In re Smith Enterprises, Ltd. v. United Bank of Denver National Association,* 2 B.R. 280 (Bkrtcy.Colo.1980).

I conclude that Judge Keller's findings on notification of parties were supported by the evidence, and not clearly erroneous.

■ Homa also argues that the notice was substantively inadequate because not enough detailed information was given in the Notice of Intended Resolution clearly to inform either the creditors or the judge of the circumstances of the settlement.[1]  I also find this argument without merit.  No creditors questioned the sufficiency or completeness of information.  The pleadings alluded to in the notice were a matter of public record and open for examination to any interested party.  The bankruptcy judge had dealt with this case on previous occasions and was already aware of the nature of the lawsuit involving the option contract.  The value to the estate resulting from the settlement was specifically stated in the Notice of Intended Resolution.  The value of the right to litigate is difficult to determine, and as the trustee pointed out, even if the lawsuit were pursued, the outcome was still in question because there were no assets to exercise the option if litigation were successful.

Homa's suggestion that the settlement contemplated a conditional conveyance of the debtor's interest is unfounded.  At the hearing this was thoroughly discussed by the judge and the trustee.  Two different monetary figures were included in the proposed settlement only because the final figure depended on whether transfers were avoided.  The trustee clearly explained this issue on two occasions at the hearing.  Once by responding that "The ultimate proposal [is] to eliminate Commercial Contractors as an interest holder of any sort in this parcel of real property," and again after further questioning about the minimum and maximum figures by explaining it as "an alternative proposal so that win or lose there is a method of resolving this litigation and having the estate removed from it as well as having benefit to the creditors of this estate."  (Hearing transcript, p. 16.)

■ It is clear from the record that this was not a conditional conveyance, that there was a clear understanding of the proposed settlement, and that the judge's finding that the settlement was in the best interest of the estate was not clearly erroneous.  Homa's opinion that the debtor's interest may have been worth more than $10,000 is only speculation and has not been supported by any evidence.  Because of the uncertainty in the outcome of the litigation, the expenses of going to trial, and the lack of funds to exercise the option even if successful, I think it entirely reasonable that Judge Keller found this settlement in the best interest of the estate.  In any case, the district court should not disturb the findings of the bankruptcy judge unless there is the most cogent evidence of mistake or miscarriage of justice.  *In the Matter of Stanley Hotel, Inc.,* 15 B.R. 660 (D.Colo. 1981).  *See also McDowell v. John Deere Industrial Equipment,* 461 F.2d 48 (6th Cir. 1972).  After evaluating the evidence I am not left with a definite and firm conviction that a mistake has been committed.  Therefore,

IT IS ORDERED that the Order Denying Motion for Reconsideration is affirmed.

---

1.  The complete text of the Notice of Intended Resolution states:

Helen R. Stone, as trustee for the estate of Commercial Contractors, Inc., is a plaintiff in a contract action captioned *Wagco, Inc. v. Dowdle Sheet Metal Co., et al.,* Civil Action Number 79 CV 1224, Division 5, pending in the District Court for Arapahoe County.  The pleadings are a matter of public record in the Arapahoe County District Court, and anyone may examine the file there for more specific information on the respective positions of the parties to the litigation.

The trustee has determined that the debtor's interest in the property has value to the estate, so the trustee should pursue that asset.  Under the terms of this proposed settlement, the trustee would proceed with litigation under the Bankruptcy Code to avoid preferential or fraudulent transfers of an interest in the debtor's property.  If that litigation were successful, the estate would receive a total of $10,000; if the transfers were not avoided, the trustee would convey all interests of the estate in the property to Dowdle Sheet Metal Company for $5,000.

Creditors of this estate are hereby notified that the trustee will proceed according to the terms set forth above after April 9, 1981.  Any motion requesting a hearing shall be filed with the Bankruptcy Court, and a copy shall be mailed to the trustee so it can be received before the date set for further action.

Dated: March 19, 1981.